# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN D. PUCHNER,

          Petitioner,

v.

WAUKESHA COUNTY SHERIFF,

          Respondent.

Case No. 21-CV-609-JPS

**ORDER**

    On May 5, 2021, Waukesha County Circuit Court Judge Michael P. Maxwell found Petitioner in contempt of court for failing to (1) turn over his children's birth certificates and social security cards to opposing counsel, (2) pay opposing counsel's attorney's fees, (3) retrieve documents regarding his former wife's autobiography, and (4) file IRS forms related to stimulus payments.[1] The court ordered Petitioner to be jailed for six months because of his failure "to provide a list of who he sent the autobiography to."[2]

    Now before this Court is Petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2254. (Docket #1). Based on the little information set forth in his petition, Petitioner claims that he requested a "VJH" hearing in the underlying state court proceedings and points the Court to *State ex rel. V.J.H. v. C.A.B.*, 472 N.W.2d 839 (Wis. Ct. App. 1991). (*Id.* at 5). He argues

---

[1] *See In re Marriage of Puchner*, 2019FA000089, (Waukesha Cnty. Circuit Court) *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2019FA000089&countyNo=67 (last visited May 28, 2021).

[2] *Id.*

that he must be given this VJH hearing before his incarceration. (*Id.* at 7). Petitioner asks that this Court grant him an immediate hearing. (*Id.* at 16). Along with his petition, Petitioner submitted an order from the Supreme Court of Wisconsin, dated May 12, 2021, denying his petition for a supervisory writ. (Docket #1–1). On May 26, 2021, Petitioner filed an emergency motion for an injunction pursuant to Federal Rule of Civil Procedure 65, (Docket #4), in which he reiterates that he was incarcerated without a VJH hearing in violation of his due process rights. He claims that this Court must grant his request for an immediate hearing because he has exhausted his state court remedies. (*Id.*)

Typically, the Court first screens a habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, courts analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

Unfortunately, at this juncture, the Court is unable to proceed with screening Petitioner's petition, as it is both incomplete and unclear. (*See* Docket #1). Although Petitioner managed to use a form habeas petition, he failed to complete the document. Moreover, the information he provides is,

at best, cryptic and fails to reference or attach sufficiently detailed information regarding the prior underlying state court proceedings.

> Given the fact that a person seeking relief under § 2254 is required to have already raised the same claim or claims for which he now seeks federal relief in state court, and exhausted each level of review available in the state system, it should not be burdensome for the petitioner to describe those same claims with sufficient specificity to allow the federal court tasked with the job of screening his petition to determine whether a claim cognizable under § 2254 has been stated.

*Goodwill v. Kemper*, Case No. 21-C-73, 2021 WL 977069, at *2 (E.D. Wis. Mar. 16, 2021). Further, the Court declines to scour the state court dockets for support for Petitioner's arguments, as "[j]udges are not like pigs, hunting for truffles buried in [the record]." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

The Court notes another problematic issue with Petitioner's submissions. Petitioner claims that he has exhausted his state court remedies. (*See* Docket #1 at 2). "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). "In order to exhaust a state court remedy, a petitioner must raise his claims through **one full round** of state court review . . . . To exhaust his remedies, the petitioner must allow the trial court, the Wisconsin Court of Appeals and the Wisconsin Supreme Court the opportunity to rule on his claims." *Robinson v. Richardson*, Case No. 18-cv-1566-pp, 2020 WL 128590, at *2 (E.D. Wis. Jan. 10, 2020) (internal quotations and citations omitted).

To be sure, Petitioner includes a copy of a Supreme Court of Wisconsin order, dated May 12, 2021, for case 2021AP827-W.[3] However, that order addresses Petitioner's May 11, 2021 supervisory writ petition seeking a stay of his jail sentence for health concerns. (Docket #1–1). Notably, in his habeas petition, Petitioner does not include any information about a relevant state court of appeals order. (Docket #1 at 2). He merely writes that he appealed and lost. (*Id.*) However, in another one of his cases before this Court, Petitioner filed an order from the Wisconsin Court of Appeals for case 2021XX323,[4] dated May 14, 2021, denying Petitioner's request for a stay of his jail sentence. (*See Puchner v. Maxwell*, Case No. 21-CV-596, Docket #5 at 3). Petitioner adds that this filing will show that he has exhausted all of his state court remedies in this habeas case. (*Id.* at 1).

Petitioner believes that these submissions establish that he has exhausted his state court remedies. (*Id.* at 1). Make no mistake, they do not. First, according to Petitioner's habeas petition before this Court, he claims that he requested, and was denied, a "VJH" hearing. However, the attached Wisconsin Court of Appeals and Supreme Court orders only address Petitioner's requests for a stay of his incarceration. Second, even if Petitioner did request a VJH hearing, his submissions do not show that he has properly exhausted his state court remedies. The orders he provides

---

[3]*Puchner v. Circuit Court for Waukesha County*, Appeal Number 2021AP000827-W, *available at* https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2021AP000827&cacheId=39848B3CED2BEFC003686629B9198068&recordCount=1&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited May 28, 2021).

[4]*Puchner v. Puchner*, Appeal Number 2021XX000323, *available at* https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2021XX000323&cacheId=85BF45B1FE98D45037E0C48FAA4DD869&recordCount=1&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited May 28, 2021).

suggest that sought review from the Supreme Court of Wisconsin on May 11, 2021 in one case and then sought review from the Court of Appeals on May 13, 2021 in a different case. Petitioner's filings fail to show that he has exhausted his claim regarding the alleged denial of a VJH hearing in the Waukesha County Circuit Court by raising this claim through one full round of state court review.

With the benefit of the foregoing analysis, the Court will grant Petitioner **21 days** from the date of this Order to submit an amended petition, sufficiently detailed, using this district's standard form together with any exhibits that will support his claim for habeas relief. At this juncture, the Court will also deny Petitioner's motion for an emergency hearing for an injunction in this matter, (Docket #4).

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED without prejudice**; In the event Petitioner wishes to pursue habeas relief, he must file an amended habeas petition no later than **21 days** from the date of this Order; and

**IT IS FURTHER ORDERED** that Petitioner's motion for an emergency hearing for an injunction (Docket #4) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge