# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN D. PUCHNER,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SHERIFF SEVERSON,<br><br>　　　　　　Respondent. | Case No. 21-CV-609-JPS<br><br>**ORDER** |

　　　　Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging Waukesha County Circuit Court Judge Michael P. Maxwell's ("Judge Maxwell") finding Petitioner in contempt and ordering that he be jailed. (*See* Docket #1). Judge Maxwell's contempt orders stem from Petitioner's divorce proceedings, which began in 2019 and have now become so protracted due to Petitioner's prolific filings.[1] Specifically, Judge Maxwell found Petitioner in contempt of court for failing to (1) turn over his children's birth certificates and social security cards to opposing counsel, (2) pay opposing counsel's attorney's fees, (3) retrieve documents regarding his former wife's autobiography, and (4) file the IRS forms necessary for stimulus payments.[2] The court ordered Petitioner to be jailed for six months because of his failure "to provide a list of who he sent the autobiography to."[3]

---

[1] *In re Marriage of Puchner*, 2019FA089 (Waukesha Cnty. Cir. Ct.) *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2019FA000089&countyNo=67 (last visited Nov. 13, 2021). At this juncture, there are approximately 600 docket entries as to Petitioner's almost three-year-old case.
　　[2]*Id.*
　　[3]*Id.*

On May 28, 2021, this Court issued an order screening Petitioner's initial petition. (Docket #5). The Court explained that the petition was unclear and that, based on his submissions, it was unlikely that he had exhausted his state court remedies. (*Id.* at 2–5). The Court gave Petitioner twenty-one days to submit an amended petition addressing its concerns. (*Id.* at 5). Now before the Court is Petitioner's amended petition[4] and his exhibits in support of the same. (Docket #6, #6-1). Petitioner is challenging Judge Maxwell's alleged failure to hold a "VJH hearing"[5] and "other 14th Amendment violations." (Docket #6 at 4). Further, he challenges "all incarcerations – 4 sentences for alleged contempt" and notes that "2 were by default while [he] had a heart attack and stent." (*Id.*) Petitioner represents that Judge Maxwell issued these orders on May 5 and May 20, 2021. (*Id.*) Notably, in his petition, he fails to describe both (1) the basis for Judge Maxwell's May 20, 2021 contempt orders (other than that they were by default) and (2) Judge Maxwell's purported other "14th amendment violations." (*See id.*)

As noted in its May 21, 2021 order, (*see* Docket #5 at 2), the Court first screens a habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of

---

[4]Petitioner's amended petition is on a form for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2241 is a vehicle for those in state custody, pre-trial, to challenge constitutional violations. Because Petitioner is in state custody, *post-trial*, the Court analyzes his petition according to § 2254.

[5]Pursuant to *State ex rel. V.J.H. v. C.A.B.*, 472 N.W.2d 839, 843 (Ct. App. 1991), "[w]hen a contemnor's liberty interests are at risk," to satisfy due process "he must be given the opportunity to show the court that the failure to comply with the purge condition was not willful and intentional."

the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, courts analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

Upon review of Petitioner's amended petition and the exhibits thereto, as well as the dockets associated with Petitioner's state court cases, the Court determines that Petitioner has failed to exhaust his state court remedies. "A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies." *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001) (citing 28 U.S.C. § 2254(b)(1)(A)). "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). The exhaustion requirement also demands that a petitioner "fully and fairly present his federal claims to the state courts," *Boyko*, 259 F.3d at 788, meaning that "he must 'place[] both the operative facts and the controlling legal principles before the state courts.'" *Obriecht v. Bartow*, No. 06-C-0253-C, 2006 WL 3246276, at *2 (W.D. Wis. Nov. 6, 2006) (quoting *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001)). While courts need not apply the total exhaustion rule "with unthinking rigidity," they "must be faithful to the [Supreme Court's] mandate that the rule be "rigorously enforced." *Shears v. Israel*, 712 F.2d 1220, 1222 (7th Cir. 1983) (internal quotations and citation omitted). In other words, Petitioner must have fairly presented his claim that he was denied

a VJH hearing in violation of the Fourteenth Amendment and his "other" constitutional claims through one full round of state court review. *See Robinson v. Richardson*, Case No. 18-cv-1566-pp, 2020 WL 128590, at *2 (E.D. Wis. Jan 10, 2020) (internal quotations and citations omitted).

In support of his position that he has, in fact, exhausted his state court remedies, Petitioner attaches copies of the following documents:

1. A motion for "VJH Hearing" before the Waukesha County Circuit Court in case 2019FA89, dated May 6, 2021, (Docket #6-1 at 1);

2. A motion for an emergency injunction to the Wisconsin Court of Appeals in case 2021AP353, dated May 5, 2021, (*Id.* at 3–4);

3. A notice of clerical error before the Wisconsin Court of Appeals in case 2021xx323,[6] dated May 12, 2021, (*Id.* at 5–6);

4. An order from the Wisconsin Court of Appeals in case 2021xx323, dated May 14, 2021. This order addresses Petitioner's motion to stay his jail sentence, (*Id.* at 7);

5. A motion for "Stay New Conditions," reconsideration, and commentary on his heart condition before the Wisconsin Supreme Court in case 2021AP827, dated May 18, 2021, (*Id.* at 8–9); and

6. A motion for "Emergency Injunction" pursuant to Wisconsin Statutes section 813.02 before the Wisconsin Supreme Court, dated June 1, 2021, (*Id.* at 10–13).

---

[6]During its drafting of this Order, the Court could access the state court's docket entry for Petitioner's appeal, case number 2021XX00323. However, as of November 15, 2021 the records pertaining to this appeal are no longer available online.

Petitioner believes that, between his exhibits and amended petition, he has adequately exhausted his state court remedies. However, his exhibits and petitions belie his assertion.[7] Assuming (generously) that Petitioner's May 6, 2021 motion requesting a "VJH" hearing was his first request for such relief, as a collateral attack to his sentence, Petitioner fails to show that after he received a denial from the Waukesha County Circuit Court, he then appealed that denial to the state court of appeals and supreme court. Rather, Petitioner's exhibits to his amended petition show that in the process of asking for injunctions and/or stays of his sentence, he cursorily references that the state court had denied him a VJH hearing. (*See, e.g., id.* at 6) (the May 12, 2021 "notice of clerical error") ("In the past, argument was made that a *VJH v. CAB* hearing . . . was held before the trial court. . . . There has not been a VJH hearing . . . ."); (*see also id.* at 9) (the May 18, 2021 motion for reconsideration) (Petitioner notes that in support for his motion in support of a stay of his jail sentence the state courts did not hold a VJH hearing). Petitioner also claims that the Wisconsin Court of Appeals' May 14, 2021 order denying a stay of his jail sentence shows that he has exhausted his state court remedies. (*See id.* at 7). But the court's order suggests that Petitioner sought only a stay of his sentence. It does not

---

[7]In addition to failing to show that he has exhausted his state court remedies, Petitioner's plethora of exhibits and motions before this Court are a combination of typed and hand-scrawled submissions, which are rife with fragments, underdeveloped arguments, poor grammar, and nonsensical remarks. Surely, the pleadings of pro se litigants "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, Petitioner, who was once a doctor, has submitted items to this Court indicating that he is employed at an educational institution. A litigant with a similar pedigree should be capable of filing readable documents to a court, especially if he seeks it to act on his or her behalf.

suggest that he fairly presented the circuit court's denial of a VJH hearing, or "other constitutional violations"[8] to the court of appeals.

Based on the foregoing, the Court determines that Petitioner did not fairly present his claims for relief through one round of state court review. Instead, Petitioner appears to have employed a "shotgun" approach, which does not satisfy the federal exhaustion requirement. *See McClain v. Duckworth*, 569 F. Supp. 840, 842 (N.D. Ind. 1983) ("[T]his court declines to hold that petitioner's 'shotgun' approach to filing numerous (and variously captioned) pleadings among different state and federal courts constitutes compliance with the statutory mandate of exhaustion."). Therefore, the Court will deny Petitioner a writ of habeas corpus and will dismiss this action without prejudice. Finally, the Court will deny as moot Petitioner's motion for writ of mandamus (which he addressed to the Seventh Circuit Court of Appeals) and motion to add evidence. (Docket #9, #10).

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations

---

[8] To the extent Petitioner claims that he has fairly presented these "other constitutional violations" through one full round of state court proceedings, the Court finds Petitioner's submissions are woefully inadequate, and thus, fail to support this proposition.

and citation omitted). No reasonable jurists could debate whether this Court's ruling as to Petitioner's failure to exhaust is correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner John D. Puchner's amended petition for writ of habeas corpus (Docket #6) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner John D. Puchner's petition be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for writ of mandamus (Docket #9) and motion to add exhibits (Docket #10) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DIMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge